IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY,
FLORIDA
SMALL CLAIMS DIVISION

Case No:

ERVIN CLARK,

    Plaintiff,

v.

ASSET ACCEPTANCE LLC,
and MIDLAND CREDIT
MANAGEMENT, INC.

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

    **COMES NOW**, Plaintiff, **ERVIN CLARK** ("Mr. Clark" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendants, **ASSET ACCEPTANCE LLC** ("Debt Owner"), and **MIDLAND CREDIT MANAGEMENT, INC.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

### Introduction

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") by knowingly misrepresenting the legal right to request and/or accept funds garnished from Mr. Clark's wages prior to obtaining a final

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **1** of **10**

***ELECTRONICALLY FILED 01/29/2021 11:29:22 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

judgment denying Mr. Clark's claim of exemption, and by refusing to refund all of Mr. Clark's garnished funds upon entry of a court order granting Mr. Clark's claim of exemption, which can reasonably be expected to harass Mr. Clark.

### *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendants conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendants' tortious activity under the FDCPA occurred in the State of Florida.

5. Venue is proper in Pinellas County, Florida, where Defendants have physical locations in Pinellas County, Florida.

6. Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

### *Parties*

7. Plaintiff, Mr. Clark, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

8. At all times material hereto, Debt Owner was and is a business with its principal place of business in the state of MI, and its registered agent, Midland Credit Management, Inc., located at 8875 Hidden River Parkway, Suite 100, Tampa, FL 33637.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **2** of **10**

9. At all times material hereto, Debt Owner is a "Debt Collector" as defined by 15 U.S.C. § 1692a (6).

10. At all times material hereto, Debt Collector was and is a limited partnership with its principal place of business in the State of CA, and its registered agent, Midland Funding LLC, located at 13008 Telecom Drive, Ste. 350, Tampa, FL 33637.

11. Further, at all times material hereto, Debt Collector is a "Debt Collector" as defined by 15 U.S.C. § 1692a (6).

12. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Clark's alleged debt.

13. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Clark's alleged debt for Debt Owner.

14. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

15. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Clark's information.

16. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Clark's information into Debt Owner's sales or customer systems.

17. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **3 of 10**

18. Under information and belief, Debt Owner approved or reviewed Debt Collector's acceptance of Mr. Clark's garnished funds.

19. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA violations and Debt Owner failed to stop such violations by Debt Collector.

20. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Clark's debt on behalf of Debt Owner.

## Statements of Fact

21. Mr. Clark opened a credit card account for personal or household use which opened an account under his name that was assigned a unique account number ("Account").

22. Sometime thereafter, Mr. Clark fell behind on his payments towards the Account which created an outstanding balance owed ("Debt").

23. The Account and Debt was then sold, assigned, or transferred to Debt Owner for collection purposes.

24. On or around March 2, 2011, Debt Owner filed a collection lawsuit against Mr. Clark in attempts to collect the Debt. *See* Pinellas County Case No.: 11-001207-SC ("Garnishment Case").

25. On June 16, 2011, a Final Judgment was entered against Mr. Clark.

26. Sometime thereafter, Debt Owner retained Debt Collector to prosecute the Garnishment Case on its behalf.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **4** of **10**

27. On March 6, 2020, Debt Collector filed a Motion for Continuing Writ of Garnishment in the Garnishment Case on behalf of Debt Owner.

28. On April 24, 2020, Debt Collector filed its Continuing Writ of Garnishment on behalf of Debt Owner in the Garnishment Case directed to Mr. Clark's employer.

29. On August 7, 2020, Debt Collector served the Continuing Writ of Garnishment on Mr. Clark's employer.

30. On August 28, 2020, Mr. Clark filed his Claim of Exemption and Request for Hearing.

31. During that time period, Mr. Clark's employer was garnishing his paychecks in connection with the collection of the Debt pursuant to the Continuing Writ of Garnishment.

32. While a Claim of Exemption is pending, Defendants are not permitted under Florida law to request and/or accept garnished wages from a garnishee until a final order is entered denying such Claim of Exemption.

33. Under information and belief, Defendants requested and accepted Mr. Clark's garnished wages from Mr. Clark's employer during the pendency of Mr. Clark's Claim of Exemption and Request for Hearing.

34. On around October 15, 2020, Debt Collector issued a check directly to Mr. Clark returning a portion of Mr. Clark's wages that it had already garnished in the amount of $1,390.30. *See* **Exhibit A.**

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **5** of **10**

35. On October 19, 2020, the Court entered an Order Granting Mr. Clark's Claim of Exemption that required all pay withheld from Mr. Clark's paycheck to be released to Mr. Clark. *See* **Exhibit "B."**

36. On or around October 21, 2020, Mr. Clark's Employer's attorney sent a letter to Debt Collector and Mr. Clark's attorney stating:

> "Mr. Clark's wages have already been garnished and nine checks totaling $1,787.53 have been sent to MCM (Debt Collector) earmarked for garnishment. Per the Court's order, BrightView respectfully requests that MCM (Debt Collector) remit these checks to Mr. Clark as directed by the Court. If this is not possible, please contact me to discuss returning such funds to BrightView so that BrightView can provide them to Mr. Clark. Further, BrightView will stop any future garnishments."

*See* **Exhibit C.**

37. As of the date of BrightView Landscapes, LLC's October 21, 2019 letter, Debt Collector still owed Mr. Clark $397.23 for the garnished funds.

38. In around January of 2021, Debt Collector had still not paid Mr. Clark the improperly garnished funds.

39. On or around January 4, 2021, Mr. Clark's attorney sent a letter to Debt Collector demanding the remaining balance of $397.23 that was garnished from Mr. Clark without a final judgement in the Garnishment Case. *See* **Exhibit D.**

40. Mr. Clark's attorney's January 4, 2021 letter, also demanded Debt Owner file a satisfaction judgment in the Garnishment Case. *See* **Exhibit D.**

41. To date, no satisfaction of judgment in the Garnishment Case has been filed.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **6** of **10**

42. Mr. Clark has been harassed due to Defendants' garnishing his paycheck without a final judgement.

### Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)

43. Mr. Clark re-alleges paragraphs 1-42 and incorporates the same herein by reference.

44. Mr. Clark is a "consumer" within the meaning of the FDCPA.

45. The subject debt is a "consumer debt" within the meaning of the FDCPA.

46. Debt Collector is a "debt collector" within the meaning of the FDCPA.

47. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C § 1692e by requesting and/or accepting funds garnished from Mr. Clark's wages prior to obtaining a final judgment denying Mr. Clark's claim of exemption, which action cannot legally be taken.

   b. Debt Collector violated 15 U.S.C § 1692e by not releasing all funds garnished from Mr. Clark's wages pursuant to the October 19, 2020 Order when the Order was entered in the Garnishment Case, which action cannot legally be taken.

   c. Debt Collector violated 15 U.S.C § 1692f by collecting amounts not permitted by law in connection with the collection of the Debt.

Plaintiff's Statement of Claim
Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.
Page 7 of 10

48. As a result of the above violations of the FDCPA, Mr. Clark has been subjected to illegal collection activities for which he has been damaged.

49. Debt Collector's actions have damaged Mr. Clark by causing him stress.

50. Debt Collector's actions have damaged Mr. Clark by causing him anxiety.

51. Debt Collector's actions have damaged Mr. Clark by being an annoyance.

52. Debt Collector's actions have damaged Mr. Clark by causing him aggravation.

53. It has been necessary for Mr. Clark to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

54. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Owner)

55. Mr. Clark re-alleges paragraphs 1-42 and incorporates the same herein by reference.

56. Mr. Clark is a "consumer" within the meaning of the FDCPA.

57. The subject debt is a "consumer debt" within the meaning of the FDCPA.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **8** of 10

58. Debt Owner is a "debt collector" within the meaning of the FDCPA.

59. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

60. Debt Collector violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C § 1692e by requesting and/or accepting funds garnished from Mr. Clark's wages prior to obtaining a final judgment denying Mr. Clark's claim of exemption, which action cannot legally be taken.

   b. Debt Collector violated 15 U.S.C § 1692e by not releasing all funds garnished from Mr. Clark's wages pursuant to the October 19, 2020 Order when the Order was entered in the Garnishment Case, which action cannot legally be taken.

   c. Debt Collector violated 15 U.S.C § 1692f by collecting amounts not permitted by law in connection with the collection of the Debt.

61. As a result of the above violations of the FDCPA, Mr. Clark has been subjected to illegal collection activities for which he has been damaged.

62. Defendants' actions have damaged Mr. Clark by causing him stress.

63. Defendants' actions have damaged Mr. Clark by causing him anxiety.

64. Defendants' actions have damaged Mr. Clark by being an annoyance.

65. Defendants' actions have damaged Mr. Clark by causing him aggravation.

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **9** of **10**

66. It has been necessary for Mr. Clark to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

67. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendants as follows:

- a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);
- b. Awarding actual damages;
- c. Awarding costs and attorneys' fees; and
- d. Any other and further relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, **ERVIN CLARK**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 29, 2021**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Clark v. Asset Acceptance LLC and Midland Credit Management, Inc.*
Page **10** of **10**

# EXHIBIT A

***ELECTRONICALLY FILED 01/29/2021 11:29:22 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Midland Credit Management, Inc.
350 Camino De La Reina
Suite 100
San Diego, CA 92108
United States of America

RETURN SERVICE REQUESTED

ERVIN CLARK, JR

| Date | Invoice Number | Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 10/15/2020 | | 11-4376 | $1,390.30 | | $1,390.30 |
| | | Totals: | $1,390.30 | | $1,390.30 |

| Check: | 378 | 10/15/2020 | Vendor: ERVIN CLARK, JR | Check Total: | $1,390.30 |

---

Midland Credit Management, Inc.  
350 Camino De La Reina  
Suite 100  
San Diego, CA 92108  
United States of America

Bank of America  
PO Box 27025  
Richmond, VA 23261

378  
October 15, 2020  
Invoice 1229  
Pay in US Funds

Amount:  ONE THOUSAND THREE HUNDRED NINETY AND 30/100          $** 1,390.30

Pay to  
the  
order of      ERVIN CLARK, JR

# EXHIBIT B

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

ASSET ACCEPTANCE, LLC,

        Plaintiff,                       CASE NO.: 11-001207-SC

v.

ERVIN CLARK, JR.,

        Defendant(s).
_____/

## ORDER GRANTING DEFENDANT ERVIN CLARK, JR.'S CLAIM OF EXEMPTION AND DIRECTING ALL PAY WITHHELD FROM DEFENDANT'S PAYCHECK BE RELEASED TO DEFENDANT

**THIS CAUSE**, having come before this Honorable Court upon Defendant's Claim of Exemption ("COE") and having been heard on October 8, 2020 at 10:00 a.m., and the Court after having considered the COE and being otherwise fully advised of the premise, it is:

**ORDERED** as follows:

1. Defendant's Claim of Exemption is GRANTED.

2. All pay withheld from Defendant's paycheck shall be released to Defendant.

**DONE AND ORDERED** in Pinellas County, Florida on this _____ day of October, 2020.

                                                      Electronically Conformed 10/19/2020
                                                      HONORABLE JUDGE JOHN CARASSAS

Copies furnished to:

Michael A. Ziegler, Esq., Attorney for Defendant Ervin Clark, Jr.
mike@attorneydebtfighters.com
Cynthia Fussell O'Donnell, Esq., Attorney for Defendant Ervin Clark, Jr.
cynthia@attorneydebtfighters.com
Johan A. Green, Esq., Attorney for Plaintiff
IL_FL@mcmcg.com
Brightview Landscapes, LLC
1200 South Pine Island Rd, Plantation, FL 33324

# EXHIBIT C

**Amanda D. Wickstrom, Esq.**
Associate Attorney, Employment Law
BrightView
980 Jolly Road, Suite 300
Blue Bell, PA 19422
T.484 567 7293
amanda.wickstrom@brightview.com

October 21, 2020

# BrightView

**VIA EMAIL**

Johan A. Green
Midland Credit Management, Inc.
P.O. Box 290335
Tampa, Florida 33687
IL_FL@mcmcg.com

Cynthia O'Donnell
Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Ste. A
Clearwater, Florida 33764
cynthia@attorneydebtfighters.com

**Re:**     **Ervin Clark Jr.**

Dear Counsel:

My name is Amanda D. Wickstrom and I represent BrightView Landscapes, LLC. BrightView is in receipt of the Order from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida dated October 19, 2020 in which the Court granted Defendant Ervin Clark Jr.'s Claim of Exemption and directed that "all pay withheld from Defendant's paycheck... be released to Defendant."

I understand that Mr. Clark's wages have already been garnished and nine checks totaling $1,787.53 have been sent to MCM earmarked for garnishment. Per the Court's order, BrightView respectfully requests that MCM remit these checks to Mr. Clark as directed by the Court. If this is not possible, please contact me to discuss returning such funds to BrightView so that BrightView can provide them to Mr. Clark. Further, BrightView will stop any future garnishments.

Yours sincerely,

*s/ Amanda D. Wickstrom*

Amanda D. Wickstrom

cc: Mary Haag and Samantha Cunningham, BrightView, Payroll Department

# EXHIBIT D



**LAW OFFICE OF MICHAEL A ZIEGLER,PL**
**DEBT FIGHTERS**

2561 Nursery Road, Ste A
Clearwater, FL 33764
727-538-4188
attorneydebtfighters.com

January 4, 2021

Johan A. Green
Midland Credit Management, Inc.
P.O. Box 290335
Tampa, FL 33687
IL_FL@mcmcg.com

*Via Email*

      RE:   *ASSET ACCEPTANCE, LLC v. ERVIN CLARK JR*
             Case No.: 11-001207-SC

Dear Mr. Green:

    We represent the Defendant, ERVIN CLARK JR, in connection with the above-referenced action. On or about October 8, 2020, a hearing on Defendant's Claim of Exemption was held in the above-referenced case. The Court entered an order on October 19, 2020 granting Defendant's Claim of Exemption and directing all funds withheld from Defendant's pay to be released to Defendant ("Order"). A copy of the Order is enclosed.

    Defendant's employer sent you and me a letter on October 21, 2020 stating that $1,787.53 had already been sent to Midland Credit Management ("Midland") despite the fact that no Final Judgment of Garnishment had been entered by the court. A copy of the letter is enclosed.

    Defendant received one check from Midland in the amount of $1,390.30, leaving $397.23 unaccounted for. A copy of the check is enclosed. More than two months have elapsed since he received the check and he has not received the remaining portion of his withheld wages.

    Defendant's wages are exempt under Florida law. Midland is in wrongful possession of Defendant's exempt wages in the amount of $397.23. Further, Midland wrongfully accepted disbursements of Defendant's exempt wages prior to obtaining a Final Judgment of Garnishment.

    This letter serves as Defendant's good-faith attempt to resolve this dispute without the need for further court involvement. Defendant will waive any and all claims he has against Plaintiff and/or Midland with respect to the wrongful acts described above as well as his right to the $397.23 if Asset Acceptance, LLC files a Satisfaction of Judgment of the above-referenced case on or before January 31, 2021.

    If Asset Acceptance, LLC does not file a Satisfaction of Judgment on or before January

1

31, 2021, Defendant will file a Motion to Enforce the Court's Order in which he will seek to recover his attorney's fees.

      As always, if you have any questions or would like to discuss further, please call my office at the number above. Thank you for your time and cooperation.

Regards,

Cynthia Fussell O'Donnell, Esq.

Encl.
cc: Amanda D. Wickstrom, Esq.
    amanda.wickstrom@brightview.com

2